IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) | CIVIL ACTION NO. 2:07cv425-MHT |
| ) | |
| MERIDIAN I.Q. SERVICES, INC. (dba MERIDIAN I.Q.) ) ) ) | |
| Defendant. ) | JURY DEMAND |

## COMPLAINT

COMES NOW the Plaintiffs, Javaris Vandiver and Larry King, on behalf of themselves and all others similarly situated, and files this lawsuit against Defendant Meridian I.Q. Services, Inc.(d.b.a. Meridian I.Q.) pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant Meridian I.Q. Services, Inc. (d.b.a. Meridian I.Q.) is an Illinois corporation conducting business by agent in the state of Alabama.

2. Plaintiffs Javaris Vandiver and Larry King currently reside in Montgomery County, Alabama.

3. At all times material to this action, the Plaintiffs were employed by Defendant at its 2000 Interstate Park Dr. Suite 204, Montgomery, Alabama location.

4. This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiffs of lawful wages.

5. This action is brought to recover unpaid compensation, in all forms including but not limited to overtime wages, hourly wages, pay incentives, commissions, bonuses, vacation and sick time, owed to Plaintiffs pursuant to FLSA. For at least three years prior to filing this complaint, Defendant has had uniform policy and practice of consistently requiring its employees to work in excess of forty (40) hours per week without paying them overtime compensation. Plaintiffs were paid a specified weekly salary. Plaintiffs were not paid for all overtime incurred despite the fact that they customarily worked in excess o forty (40) hours per week. The Plaintiffs, and all others similarly situated, seek all overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama, Northern Division, under 28 U.S.C §1391(b).

7. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

8. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendant was an "employer" of Plaintiffs as defined by §203(d) of the FLSA.

10. At all times material to this action, Plaintiffs were "employees" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory

2

of the United States within three years preceding the filing of this lawsuit.

11. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant, Plaintiffs, and all others similarly situated, that were covered by §§206 and 207 of the FLSA while they were employed by Defendant.

12. At all times relevant to this action, Defendant employed Plaintiffs, and all others similarly situated.

13. The services performed by Plaintiffs, and all others similarly situated, were a necessary and integral part of and directly essential to Defendant's business.

14. The Plaintiffs, and all others similarly situated, were required to perform duties without compensation, commission and/or bonuses.

15. Defendant has intentionally failed and/or refused to pay the Plaintiffs, and all others similarly situated, according to the provisions of the FLSA.

16. The systems, practices and duties of the Plaintiffs, and all others similarly situated have existed for at least three years throughout the Defendants' business.

17. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with pay incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendant has failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

18. Defendant has intentionally and repeatedly misrepresented the true status of compensation to its employees as well as their entitlement to incentives,

commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiffs, and all others similarly situated, relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

19. As a result of the actions of Defendant in fraudulently concealing the true status of its employees when performing their duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statue of limitations as a bar.

20. Defendant has further engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA. Further, Defendant has sought to have employees similarly situated to Plaintiffs unknowingly waive their rights to recovery under the FLSA by signing a document entitled "Separation Agreement and Release".

21. As a result of Defendant's violations of the FLSA, the Plaintiffs and all others similarly situated have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

22. In addition to the amount of unpaid wages and benefits owing to the Plaintiffs and all others similarly situated, they are also entitled to recover an additional amount

as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

23. Defendant's actions in failing to compensate the Plaintiffs and former employees, in violation of the FLSA, was willful.

24. Defendant has not made a good faith effort to comply with the FLSA.

25. The Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, the Plaintiffs pursuant to §216(b) of the FLSA, prays for the following relief:

1. The Plaintiffs, and all others similarly situated, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. Plaintiffs reasonable attorneys' fees, including the costs and expenses of this action; and

3. Injunctive relief to restrict and/or prohibit Defendant from distributing, disbursing, disseminating, executing and/or entering into the Separation Agreement and Release or any agreement the terms of which mandate in any way a waiver or relinquishment of rights by Defendant's employees (past or present) to unpaid compensation under the FLSA.

4. Such other legal and equitable relief including, but not limited to, any other injunctive and/or declaratory relief, to which the Plaintiffs and/or the class may be entitled.

5. Plaintiffs further demand a struck jury to try the issues raised in this matter.

*[signature]*
JERE L. BEASLEY (BEA020)

*[signature]*
W. DANIEL "DEE" MILES, III (MIL060)

*[signature]*
LARRY A. GOLSTON (GOL029)
Attorney for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

*[signature]*
Of Counsel