IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 MAY 15  A 10: 50

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated,<br>    Plaintiff,<br><br>vs.<br><br>MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.),<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:07CV425-MHT<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR HEARING ON PRELIMINARY INJUNCTION

**COMES NOW the Plaintiff in the above-styled cause and pursuant to Rule 65 of the Federal Rules of Civil Procedure hereby moves this Court for an Order setting a hearing for its application for a Preliminary Injunction, as set forth in its Complaint. As grounds therefore, Plaintiff states the following:**

At the Hearing on Preliminary Injunction, the Plaintiff will request the court for an order (1) enjoining defendants and defendants' agents from requiring employees of Meridian I.Q. to sign the distributed Separation Agreement and Release, making unavailable potential claims for damages in a manner adverse to this Court's ability to enforce any judgment this court may render; (2) requiring an accounting of the funds at issue; (3) requiring a financial accounting of the Defendants; (4) requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth herein; (5) requiring repayment or damages in the sum to be determined by this court; (6) requiring payment of attorney fees herein incurred; (7) requiring costs of suit herein incurred; and (8) for such other and further relief as the court deems proper.

    This motion is made in accordance with Rule 65 of the Federal Rules of Civil Procedure on the grounds that:

    a.    Plaintiff, and all others similarly situated, is entitled to the relief demanded to the extent of restraining the commission or the continuance of the acts

1

      complained of.

b.    The Plaintiff, and all others similarly situated, was required to perform duties without compensation, commission and/or bonuses.

c.    Defendant and Defendants agents have intentionally and willfully failed and/or refused to pay the Plaintiff, and all others similarly situated, according to the provisions of the FLSA. Defendant has failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

d.    Plaintiff, and all others similarly situated, has not received money or other form of compensation from Defendant for overtime wages owed to them.

e.    Defendants have not made a good faith effort to comply with the FLSA.

f.    Plaintiffs are faced with additional, immediate and irreparable damages. More specifically, Defendants have recently distributed a "Separation Agreement and Release" to employees stating it will pay employees a separation/severance amount and continue benefits if the employee signs said agreement and returns it within 45 days. This document further states that by signing and taking the separation/severance amount, employees waive a blanket list of claims, which potentially includes backpay for overtime compensation (FLSA claims) for hours worked over forty hours in a work week. Defendant knew and is aware of not paying employees overtime compensation for hours worked over forty hours in a work week, and that signing this form will/could cause employees to forever give up any right to obtain back wages owed to them by Defendants. If said injunctive relief is not granted, Plaintiffs will forever be deprived of overtime wages owed to them.

g.    Defendants have accounts and financial vehicles both inside and outside the United States. An accounting of the funds at issue, as well as a financial accounting of the Defendants, will preclude dissemination of funds or spoliation of evidence.

h.  Granting injunctive relief will maintain the status quo until the merits of the case can be determined.

i.  Plaintiffs filed this lawsuit against Defendant Meridian I.Q. Services, Inc., as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

j.  Plaintiffs seek to represent all similarly situated employees of Defendant (current and former) Meridian I.Q.

k.  Should the Court decline to grant injunctive relief, Plaintiffs alternatively request this Court to authorize this case to proceed as a collective action, and authorize the issuance of notice to be mailed to all present and former employees of Defendants informing them of their rights to participate as opt-in Plaintiffs in this action in lieu of signing the Separation Agreement and Release.

l.  Plaintiffs have suffered irreparable harm, and will continue to do so unless immediate relief is granted.

Based on these and other premises, Plaintiff demands a motion for hearing on preliminary injunction.

_____
Larry A. Golston, Jr. (GOL029)
ATTORNEY FOR PLAINTIFFS

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
Telephone:   (334) 269-2343
Facsimile:   (334) 954-7555
**Email:** larry.golston@beasleyallen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document upon all counsel of record as listed below by placing the same in the United States mail, properly addressed and first class postage prepaid on this the __15th__ of ___May___, 2007.

_____
OF COUNSEL

Meridian I.Q. Services, Inc.
(dba Meridian I.Q.)
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109