IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 2:07 CV 425-MHT |
| MERIDIAN I.Q. SERVICES INC. d/b/a MERIDIAN IQ, | § § § § | |
| Defendant. | § § § | |

**DEFENDANT MERIDIAN I.Q. SERVICES INC.'S
AFFIRMATIVE AND OTHER DEFENSES AND ORIGINAL ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendant Meridian I.Q. Services Inc. ("Meridian IQ" or "Defendant") respectfully files this its Affirmative and Other Defenses and Original Answer to Plaintiffs' Complaint and respectfully shows the Court the following:

**AFFIRMATIVE AND OTHER DEFENSES**

Meridian IQ pleads the following affirmative and other defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiffs are not entitled to overtime pay pursuant to the provisions of 29 U.S.C. § 213, including § 213(b)(1);

- 2 -

2. Based upon information and belief, Plaintiffs are not entitled to overtime pay pursuant to 29 U.S.C. § 203;

3. Plaintiffs' Complaint is barred in whole or in part by the statute of limitations;

4. To the extent Plaintiffs are seeking to toll the statute of limitations, Plaintiffs are not entitled to such tolling outside of 29 U.S.C. §§ 255 and 256;

5. Meridian IQ's conduct was undertaken in good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor and no liability therefore exists pursuant to 29 U.S.C. § 259;

6. Alternatively, Meridian IQ's conduct was in good faith and based upon reasonable grounds so that no award of liquidated damages should be imposed as provided in 29 U.S.C. § 260;

7. Plaintiffs cannot establish that Meridian IQ engaged in willful conduct within the meaning of the FLSA;

8. Plaintiffs are estopped from claiming additional compensation by their continued acceptance of wages, their submission of time records and other documents, and/or other acts or omissions;

9. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. § 216;

10. To the extent sought, Plaintiffs are not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260;

11. Any damages sought by Plaintiffs are barred, reduced or set off by, *inter alia*, Plaintiffs' compensated time-off, failure to work full hours, and by any debts owed the employer;

12. Assuming, *arguendo*, Plaintiffs could recover damages in this action, Plaintiffs cannot recover for non-compensable or *de minimus* matters and Plaintiffs' claims would be subject to set-offs and deductions;

13. Neither injunctive relief nor declaratory relief is available to private causes of action brought pursuant to the FLSA;

14. To the extent the defenses of res judicata, collateral estoppel, claim or issue preclusion, judicial estoppel and/or lack of standing become applicable in this matter, Meridian IQ asserts these defenses in this case; and

15. To the extent the defenses of ratification, waiver, estoppel, full payment and accord and satisfaction become applicable in this matter, Meridian IQ asserts these defenses in this case.

## **ORIGINAL ANSWER**

Subject to the above and foregoing affirmative and other defenses, Meridian IQ pleads as follows to the specific allegations of Plaintiffs' Complaint:

1. Meridian IQ admits the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. Meridian IQ lacks sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiffs' Complaint, and thus denies same.

3. As drafted, Meridian IQ denies the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Meridian IQ admits that this action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 216(b), but denies the remaining allegations in Paragraph 4 of Plaintiffs' Complaint. Specifically, Meridian IQ denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

5. Meridian IQ admits that this action is brought to recover alleged unpaid compensation, but denies the remaining allegations in Paragraph 5 of Plaintiffs' Complaint. Specifically, Meridian IQ denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

6. Meridian IQ admits the jurisdictional and venue allegations in Paragraph 6 of Plaintiffs' Complaint, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

7. Meridian IQ admits the personal jurisdiction allegations in Paragraph 7 of Plaintiffs' Complaint, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

8. Meridian IQ admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. As drafted, Meridian IQ denies the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. As drafted, Meridian IQ denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. As drafted, Meridian IQ denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. As drafted, Meridian IQ denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. As drafted, Meridian IQ denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. Meridian IQ denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. Meridian IQ denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. As drafted, Meridian IQ lacks sufficient information to admit or deny the allegations in Paragraph 16 of Plaintiffs' Complaint, and thus denies same.

17. Meridian IQ admits that it is aware of the requirements of the FLSA and its corresponding regulations, but denies the remaining allegations in Paragraph 17 of Plaintiffs' Complaint. Specifically, Meridian IQ denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

18. Meridian IQ denies the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Meridian IQ denies the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Meridian IQ denies the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Meridian IQ denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Meridian IQ denies the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Meridian IQ denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. Meridian IQ denies the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Meridian IQ denies the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Meridian IQ states that the allegations in Paragraphs 1-4 following Paragraph 25 are a prayer for relief to which no response is required. To the extent applicable, Meridian IQ denies the allegations in Paragraphs 1-4 following Paragraph 25 and denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery, relief or damages.

27. Meridian IQ admits that Plaintiffs have requested a struck jury to try the issues raised in this matter as alleged in Paragraph 5 following Paragraph 25 of Plaintiffs' Complaint, but denies that it engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery. Defendant further denies that Plaintiffs are entitled to a jury finding on all issues raised in this matter.

WHERE, PREMISES CONSIDERED, Defendant Meridian IQ Services Inc. prays Plaintiffs take nothing by their suit and that Defendant Meridian IQ Services

Inc. recovers its costs of suit and reasonable attorney's fees, as authorized by statute, and have such other relief to which it may show itself entitled.

>Respectfully submitted,
>
>MERIDIAN I.Q. SERVICES INC.
>
>/s/ T. Matthew Miller
>Charles A. Stewart, III
>T. Matthew Miller
>BRADLEY ARANT ROSE & WHITE LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203
>(205) 521-8303 (telephone)
>((205) 488-6303 (facsimile)
>
>*Local Counsel for Defendant*
>*Meridian I.Q. Services Inc.*
>
>Shauna Johnson Clark*
>Cathryn L. Blaine*
>Carolanda Bremond*
>Kelley Edwards*
>      * *Motions for admission pro hac vice filed*
>FULBRIGHT & JAWORSKI L.L.P.
>Fulbright Tower
>1301 McKinney, Suite 5100
>Houston, TX  77010-3095
>Telephone:  (713) 651-5151
>Facsimile:  (713) 651-5246
>
>*Counsel for Defendant*
>*Meridian I.Q. Services Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley
Beasley Allen Crow Methvin Portis & Miles, PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Wilson Daniel Miles, III
Beasley Allen Crow Methvin Portis & Miles, PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Larry A. Golston
Beasley Allen Crow Methvin Portis & Miles, PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

/s/ T. Matthew Miller