IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, )<br>on behalf of themselves and all others )<br>similarly situated, )<br>)<br>      Plaintiffs, )<br>)<br>vs. )<br>)<br>MERIDIAN I.Q. SERVICES, INC. )<br>(d.b.a MERIDIAN I.Q.), )<br>)<br>      Defendant. )| CIVIL ACTION NO.<br>2:07-cv-00425-MHT |

**PLAINTIFFS' MOTION TO FACILITATE
CLASS NOTICE PURSUANT TO 29.U.S.C. §216(b)**

Plaintiffs Javaris Vandiver and Larry King (hereinafter "Plaintiffs"), by and through undersigned counsel, have filed this case against Defendant Meridian I.Q. Services Inc., (hereinafter "Meridian I.Q."), as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Plaintiffs were hourly employees of Defendants and seek to recover unpaid overtime compensation, prejudgment interest on an award of back pay, liquidated damages and attorneys' fees and costs. Plaintiffs seek to represent all "similarly situated" employees (current and former) of Defendant who worked for Defendant's logistics services (i.e. shipping/freight forwarding and warehouse and distributions) operation and who were subject to the uniform policy of not paying overtime compensation during the three (3) years prior to filing of the Complaint.

To participate in this case all employees must "opt-in" by filing a written consent to participate in this lawsuit. FLSA, 29 U.S.C. §216(b). In order to decide whether to opt into this case, similarly situated employees need to be apprised of the pendency of this case in a timely

1

manner; otherwise, the claims of many such employees will be barred by the FLSA statute of limitations.[1]

For the reasons stated, the Plaintiffs respectfully request that this Court (1) authorize this case to proceed as a collective action, (2) order the requested identification of the potential opt-ins, and (3) authorize the issuance of notice to be mailed to all present and former employees of Defendants whose job duties in any way consisted of loading, unloading or otherwise handling goods arriving and/or departing from Defendant's facilities informing them of their rights to participate as opt-in Plaintiffs in this action. The Plaintiffs respectfully request that this Court authorize notice for all present employees and former employees that worked for Defendants within the last three years (3), beginning with the date in which the Complaint was filed.

### A.     SPECIFIC ALLEGATIONS

Plaintiffs Javaris Vandiver and Larry King employees of Defendant Meridian I.Q., and were team member (e.g. dock workers) employees who are similarly situated and formerly worked at Defendant's warehouse/facilities in Montgomery County, Alabama. While team member employees, Plaintiffs and others similarly situated, were required to load, unload or otherwise inventory/handle, goods arriving and/or departing from Defendant's facilities. Consequently, the Plaintiffs were routinely required to work more than forty (40) hours in a week performing their job duties. The additional work Plaintiffs and others similarly situated were required to perform is compensable under the FLSA. However, contrary to the FLSA, the Defendant did not compensate Plaintiffs, opt-in employees and its other employees for this additional time at the rate of time-and-a-half. Rather, if they were paid at all, Plaintiffs, opt-in

---

[1] Under the FLSA, the statute of limitations applicable in a given action may be two years or, as the plaintiff allege herein, three years due to defendant's willful violations of the FLSA, *Knights of Columbus, GA,* 19 F.3d 579, 582 (11th Cir.): *cert. denied,* 513 U.S. 929 (1994): FLSA, 29 U.S.C. §255(a).

2

employees, and others similarly situated were paid a regular or "straight" pay rate.

All of the work that Plaintiffs and opt-ins performed was necessary and integral to the production and operation of Defendant's business. The Defendant has intentionally and/or recklessly violated the FLSA requiring the applicable 3-year statute of limitations. Similarly, Defendant has violated the record keeping provision of the FLSA by failing to keep an accurate record of all the hours Plaintiffs worked.

### B.  LEGAL BASIS FOR PLAINTIFFS' ALLEGATIONS

Plaintiffs' claims herein are governed by a uniform statutory scheme under the FLSA and the Department of Labor regulations implementing this legislation.[2] In particular, FLSA §§ 206 and 207 are provisions relating to minimum wage and overtime and apply to the matter before this Court. Section 211 of the FLSA requires Defendant to keep accurate records of all hours Plaintiffs worked. Section 216(b) of the FLSA allows this Court to facilitate notice to all potential Plaintiffs, giving them an opportunity to protect their rights. See generally *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 168-69 (1989); *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garner v. G.D. Searle Pharm. & Co.,* 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty National Life Insurance Company,* 164 F.R.D. 574, 575 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Enterprise Concepts Inc. v. Finnell,* 1998 WL 80411, *2 (Tex. App.-Beaumont 1998).

---

[2] The Department of Labor regulations related to wage and hour administration may be found at 29 C.F.R. §500-899, and are generally followed by courts in matters involving FLSA claims. *Atter v. Robbins,* 519 U.S. 452, 117 S.Ct.905, 909 (1997).

C. **SUPPORTING EVIDENCE**

In addition to the previously cited law, and the allegations as stated in the complaint, Plaintiffs further support their motion with the following:

1. Affidavits of Plaintiffs;

2. Affidavits of Opt-in employees.

WHEREFORE ,PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant this motion to: (1) authorize this matter to proceed as a collective action: (2) authorize mailing of notice to all employees described above that were employed by Defendant during the three years prior to the filing of the Complaint: and (3) require Defendant to produce a computer-readable date file containing the name, address, Social Security number and telephone number of all such potential opt-in Plaintiffs so that notice may be implemented.

                                      Respectfully submitted,

                                By:    /s/ Larry A. Golston Jr._____
                                            Larry A. Golston, Jr.
                                            BEASLEY, ALLEN, CROW,
                                            METHVIN, PORTIS & MILES, P.C
                                            272 Commerce Street
                                            Montgomery, Alabama 36104
                                            Telephone:  (334) 269-2343
                                            Facsimile:  (334) 954-7555
                                            Email: larry.golston@beasleyallen.com
                                            Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

(334) 954-7555 FAX

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

                                             By:   /s/ Larry A. Golston Jr._____
                                                         Larry A. Golston, Jr.

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
(713) 651-5151 (telephone)
(713) 651-5246 (facsimile)

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
 & WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8303 (telephone)
(205) 488-6303 (facsimile)