**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAVARIS VANDIVER, LARRY KING,** | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:07-cv-00425-MHT** |
| **MERIDIAN I.Q. SERVICES, INC.** | ) | |
| **(d.b.a MERIDIAN I.Q.),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO FACILITATE CLASS NOTICE PURSUANT TO 29 U.S.C. §216(b)

Plaintiffs Javaris Vandiver and Larry King by and through undersigned counsel, have

filed this case against Defendant Meridian I.Q. Services Inc., (hereinafter "Meridian I.Q."), as a

collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Plaintiffs are

and/or were hourly employees of the Defendant and seek to recover unpaid overtime

compensation, prejudgment interest on an award of back-pay, liquidated damages and attorneys'

fees and costs. Plaintiffs seek to represent all "similarly situated" employees (current and

former) of Defendant(s) who worked for Defendant(s) in Defendant's logistics services (i.e.

shipping/freight forwarding and warehouse and distributions) operation who were subject to the

uniform policy of not paying overtime compensation during the three (3) years prior to filing of

the Complaint.

To participate in this case all employees must "opt-in" by filing a written consent to

participate in this lawsuit. FLSA, 29 U.S.C. §216(b). In order to decide whether to opt into this

case, similarly situated employees need to be apprised of the pendency of this case in a timely

manner; otherwise, the claims of many such employees will be barred by the FLSA statute of limitations.[1]

For the reasons stated herein, the Plaintiffs respectfully request that this Court 1) authorize this case to proceed as a collective action, 2) order the requested identification of the potential opt-ins, and 3) authorize the issuance of notice to be mailed to all present and former employees of the Defendant(s) informing them of their rights to participate as opt-in Plaintiffs in this action.  Plaintiffs respectfully request that this Court authorize notice for all present employees and former employees that worked for Defendant(s) within the last three years, beginning with the date in which the Complaint was filed.

## I.    STATEMENT OF THE FACTS

### A.    PROCEDURAL HISTORY

Plaintiffs Javaris Vandiver and Larry King filed this lawsuit on May 15, 2007.  The Defendant(s) were served on or about May 17, 2007 and Defendant filed its answer on June 6, 2007.  Prior to the expiration of the deadline to amend the pleadings, Plaintiffs filed a motion for leave to amend the complaint to add three party Plaintiffs Deshawn Bailey, Preston Traylor, and Kelvin Jones.  To date, the Plaintiffs have propounded and received responses to interrogatories and request for production of documents.

### B.    PLAINTIFFS' ALLEGATIONS

Plaintiffs Javaris Vandiver and Larry King, as well as opt-ins Deshawn Bailey, Preston Traylor and Kelvin Jones were all employees of Defendant Meridian I.Q., and were all

---

[1] Under the FLSA, the statute of limitations applicable in a given action may be two years or, as the plaintiff allege herein, three years due to defendant's willful violations of the FLSA, *Knights of Columbus, GA,* 19 F.3d 579, 582 (11th Cir.): *cert. denied,* 513 U.S. 929 (1994): FLSA, 29 U.S.C. §255(a).

employees designated by Defendant as team members who were similarly situated and presently work at Defendant's warehouse in Montgomery County, Alabama.[2]   While employed with the Defendant(s) as dock workers Plaintiffs, opt-in employees, and others similarly situated, were required to load and unload goods.  However, contrary to the FLSA, the Defendant did not compensate the foregoing individuals at time and a half when they worked more than forty (40) hours a week loading and unloading goods.[3]  The Defendant has intentionally and/or recklessly violated the FLSA requiring the applicable 3 year statute of limitations.  Similarly, Defendant(s) has violated the record keeping provision of the FLSA by failing to keep an accurate record of all the hours Plaintiffs worked.

### C.     LEGAL BASIS FOR PLAINTIFFS' ALLEGATIONS

Plaintiffs' claims herein are governed by a uniform statutory scheme under the FLSA and the Department of Labor regulations implementing this legislation.[4]  In particular, FLSA §§ 206 and 207 are provisions relating to minimum wage and overtime and apply to the matter before this Court.  Section 211 of the FLSA requires Defendant to keep accurate records of all hours Plaintiffs worked.  Section 216(b) of the FLSA allows this Court to facilitate notice to all potential Plaintiffs, giving them an opportunity to protect their rights.

---

[2] See Exhibits 1-2, Affidavits of Plaintiffs.

[3] Id.

[4] The Department of Labor regulations related to wage and hour administration may be found at 29 C.F.R. §500-899, and are generally followed by courts in matters involving FLSA claims. *Atter v. Robbins,* 519 U.S. 452, 117 S.Ct.905, 909 (1997).

## II.     ARGUMENT

### A.     THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE POTENTIAL OPT-INS

A district court has the authority to facilitate timely notice regarding FLSA collective litigation if it finds that there are other employees who may desire to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions. *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 168-69 (1989); *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Garner v. G.D. Searle Pharm. & Co.,* 802 F. Supp. 418, 419 (M.D. Ala. 1991); *Hipp v. Liberty National Life Insurance Company,* 164 F.R.D. 574, 575 (M.D. Fla. 1996); *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996); *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Enterprise Concepts Inc. v. Finnell,* 1998 WL 80411, *2 (Tex. App.-Beaumont 1998).

In determining whether a collective action should be certified as a class pursuant to § 216(b) of the FLSA, "the district court should satisfy itself that there are other employees of the employer (1) who desire to 'opt-in' and [2] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). With respect to the 'similarly situated' requirement, Plaintiffs "need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp v. Liberty Nat'l Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (quoting *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). "The similarly situated requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance). A unified policy, plan, or scheme … may not be required to satisfy the more liberal 'similarly situated' requirements of § 216(b)." Id. at 1219.

In *Hipp,* the Eleventh Circuit recommended a two-tiered procedure that district courts should use in certifying collective actions under § 216(b):

> "The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision-usually based only on the pleadings and affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class member are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
>
> "The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs-proceed to trial on their individual claims."

*Hipp*, 252 F.3d at 1218 (quoting *Money v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

The district courts have generally applied the two-tiered framework announced in *Hipp*. See e.g., *Stone v. First Union Corp*., 203 F.R.D. 532, 537 (S.D. Fla. 2001) (Gold, J.); see also *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1242 n.2 (11th Cir. 2003) ("Since *Hipp*, the district courts in our circuit have utilized the two-tiered approach."). A chief rationale for *Hipp*'s fairly lenient standard is that during the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. *Hipp*, 252 F.3d at 1218. In the instant case, this Court should apply the *Hipp* standard in considering conditional certification because Plaintiffs have not had time to conduct discovery.

Further, the court's facilitation of notice to potential opt-in plaintiff serves "the broad

remedial purpose of the Act [FLSA]." *Dybach,* 942 F.2d at 1567, quoting *Braunstein v. Eastern Photographic Lab, Inc.,* 600 F.2d 335, 336 (2nd Cir. 1975), *cert. denied,* 441 U.S. 944 (1979); *see also Hoffman-LaRoche,* 493 U.S. at 170 ("[a] collective action allows… plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources").  Court facilitation of a Section 216(b) collective action also serves the equally important judicial interest of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged…activity." *Id.*

Additionally, early participation by the district court protects against misleading communications by the parties, resolves any dispute among the parties regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, and expedites resolution of the dispute. *Garner,* 802 F. Supp. At 427; *see also* Local Rule 23. (C)(4)(b)(communication should not misrepresent the status, purpose, and effects of the action).  In the present case, early notice serves the critical function of advising potential opt-in plaintiffs of their right to participate in this action by informing them of the requirement to file a consent to join as a party plaintiff pursuant to §216(b) before the running of the applicable FLSA statue of limitations.

In sum, all Plaintiffs need demonstrate at this stage of a collective action is that "there are other employees of the…employer who [may] desire to "opt-in" and that these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Dybach,* 942 F.2d at 1567-68; *Tucker,* 927 F. Supp at 947.  Plaintiffs may establish this through "substantial" and "detailed allegations" in their complaint with some evidentiary support in the form of affidavits. *Grayson v. Kmart,* 79 F.3d at 1097.  As demonstrated below, Plaintiffs more than meet this standard for creating an opt-in class and for issuance of notice under §216(b).

**B.    ISSUANCE OF NOTICE IS APPROPRIATE TO EFFECTUATE THE FLSA'S BROAD REMEDIAL PURPOSES AS PLAINTIFFS AND OTHER EMPLOYEES DESIRE TO OPT-IN AND ARE "SIMILARLY SITUATED"**

The proposed opt-in Plaintiffs (and the Plaintiffs) readily meet the liberal standard for court facilitation of a FLSA collective action as they have established both their [1] desire to opt-in and [2] are "similarly situated." See *Dybach,* 942 F.2d at 1567-68.  As this Court has noted in a recent opinion, which is very much on point with the instant action, "the requirement in *Dybach* is that Plaintiffs be similarly situated; *Dybach* does not require that they be identically situated." *Morgan, et al v. Family Dollar Stores, Inc.*, Civil Action No. 01-C-0303-W, *6 (N.D. Ala. November 7, 2002).

1.    Other Similarly Situated Employees Desire to Opt-In

At least three (3) former employees of the Defendant are "similarly situated" to Plaintiffs and have expressed their desire to opt into this collective action.[5]   In addition, each of the opt-in employees have also executed a "Consent to Become A Party Plaintiff," expressing their desire and willingness to participate in this lawsuit.[6]   A showing that others desire to opt in is evidence that supports the authorization of certification and notice by the court. *Dybach,* 942 F.2d at 1567-68; See also *Tyler v. Payless Shoe Source, Inc.*, 2005 WL 3133763, 3 (M.D. Ala. Nov.23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in); *Penlebury v. Starbucks Coffee Co.*, 2005 WL 84500, 3 (S.D. Fla. Jan. 3, 2005)( plaintiff's allegations and four affidavits by employees indicating that others desired to opt in were sufficient); *Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Hill v. CVS*

[5] See Exhibits 3-5, Affidavits opt-in employees.
[6] See Exhibits 6-8. Consent to Become a Party Plaintiff by opt-in employees.

*Rx Servs, Inc.*, Case No. CV00-HGD-3355-S, at 4-5 (N.D. Ala. July 27, 2001)(plaintiff's

affidavit and six consents to join were sufficient); *Harper v. Lovett's Buffet Inc.*, 185 F.R.D. 358,

362-63 (M.D.Ala. 1999) (fifteen affidavits by employees with specific allegations of wage

violations were sufficient).

 The affidavits of these employees clearly show that, like Plaintiffs, the opt-in employees

worked in Defendant's receiving and shipping warehouse loading and unloading goods.  In

addition, all of the opt-in employees not only performed the same job duties as the Plaintiffs,

they also held the same job title.

 Thus, there can be no question that the opt-in employees (as well as other former

employees of Defendant(s)) are similarly situated to the named Plaintiffs.  Based on the affidavit

testimony of the Plaintiffs and the opt-in employees, it is clear that Defendant's conduct was a

company wide practice and not isolated to certain areas of the company.   Consequently, there

are several potential opt-ins who could benefit from notice and should be given the chance to

protect their rights and join the instant action as plaintiffs.

 The Plaintiffs have demonstrated through the evidence submitted to the Court that

Plaintiffs are similarly situated.  Specifically, Plaintiffs have shown that each individual

employee working as team member/dock worker routinely worked in excess of forty (40) hours a

week loading and unloading goods at Defendant's warehouse.   The hours worked by Plaintiffs

and others similarly situated in excess of forty (40) hours a week is compensable under the FLSA

at a rate of time-and-a half.  However, contrary to the FLSA, the Defendant(s) failed to properly

compensate its employees for overtime work.  Accordingly, the Court should authorize this

lawsuit to proceed as a FLSA collective action and authorize issuance of notice to all hourly

employees employed by Defendant(s) in the three years prior to the filing of the Complaint.

      2.     <u>Plaintiffs have carried their burden of demonstrating a reasonable basis for a collective action determination</u>.

The Plaintiffs have carried their burden of demonstrating the propriety of proceeding as a collective action. Typically, discovery is not necessary prior to a determination on the issue of §216(b) notice, *Mooney*, 54 F.3d at 1213-14. Rather, a collective action is to be authorized and notice issued when the Plaintiffs have demonstrated a "reasonable basis" for the class allegations of the complaint by filing declarations and consents from class members. *Grayson v. Kmart*, 79 F.3d at 1097.

The Plaintiffs' motion is more than adequately supported by the detailed allegations in the Complaint including a description of the named Plaintiffs' claims. This evidentiary showing more than establishes "a reasonable basis" for proceeding as a collective action. Even where Defendant(s) offers contradictory evidence, the motion is not defeated so long as the Plaintiffs "successfully engage" the Defendants' proof. *Grayson v. Kmart,* 79 F.3d at 1099 n.17. The Plaintiffs have more than satisfied the quantum of proof typically required for issuance of notice.

For example, in *Tucker,* 872 F. Supp. at 943, a collective action was authorized on the evidence provided by one named plaintiff and two subsequent opt-ins. In *Garner,* 802 F. Supp. at 422, the court required issuance of notice where plaintiff identified 40 employees with prima facie claims of age discrimination.[7] Similarly, in *Belcher,* 927 F. Supp. at 252, the court found sufficient evidence in the twenty-four (24) affidavits filed by plaintiffs in support of their motion that the employer's "practices were not limited to a single store or region." In sum, the Plaintiffs' proof is more than adequate to support a finding that there are "similarly situated" former Meridian I.Q., employees who should be apprised of the pendency of this action and

---

[7] Age discrimination claims brought under the Age Discrimination in Employment Act (ADEA) are subject to the same opt-in mechanism as in the FLSA at Section 216(b). *Hoffman-LaRoche,* 493 U.S. at 168; *Grayson v. Kmart,* 79 F.3d at 1096.

given an opportunity to opt-in.

## C.    NOTICE MUST BE EXPEDITED DUE TO THE RUNNING OF THE STATUTE OF LIMITATIONS

Notice to the class should be expedited in this action in order to toll the running of the statute of limitations as to the claims of potential opt-ins that have worked as Meridian I.Q. employees during the past three years.  The statute of limitations is tolled for a named plaintiff in a FLSA collective action on the date the complaint is filed.  For those current and former employees who opt-in, however, the statute is tolled only on the later date when each individual's written Consent to Become A Party Plaintiff form is filed with the court. *Grayson v. Kmart*, 79 F.3d at 1105-06; 29 C.F.R. §790.21(b)(2).

For each day that passes while notice has not been provided to potential opt-ins here, Defendant's employees and/or former whose employment has ended may lose their right to sue. Notice is thus essential to allow Defendant's employees to act expeditiously to protect their interests.  Without notice, they would remain unaware of the pendency of the action or of their right to opt-in, and they would be powerless to prevent their claims for unpaid overtime from expiring.  Therefore, notice should be expedited in this action to the maximum extent feasible and should be sent to all "similarly situated" employees employed at any time during the maximum three-year potential liability period. *See Belcher,* 927 F. Supp at 252.

## D.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170.  The court-authorized notice

prevents "misleading communications," such as is often unilaterally disseminated by Defendants. *Id.* at 172; *Garner,* 802 F. Supp. at 422. Plaintiffs' proposed notice meets these criteria. Plaintiffs propose that the notice and consent forms be mailed by first class mail to all of Defendants' employees employed in the last three years prior to the filing of the Complaint who worked for Defendants in the fabrication, welding, finishing, and assembly/shipping of Defendants' security products.

Those class members interested in participating would be required to file their consents with the Court within ninety (90) days of the mailing. This is consistent with established practice under the FLSA. *Hoffman-LaRoche,* 493 U.S. at 172; Garner, 802 F. Supp. at 422 (cut-off date expedites resolution of action); *Hipp,* 164 F.R.D. at 576 (M.D. Fla. 1996) (120-day filing period); *Belcher,* 927 F. Supp. at 252-55 (example of company wide notice).

## E.    THE PROPOSED LIMITED DISCOVERY IS ESSENTIAL TO ENSURE TIMELY NOTICE

Discovery of a mailing list for Section 216(b) class members is a routine component of notice in collective actions. *Hoffman-LaRoche*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…"); *Grayson v. Kmart,* 79 F.3d at 111 (ordering production of mailing list); *Belcher,* 927 F. Supp. at 252 (same); *Hipp,* 164 F.R.D. at 576 (same). Given that such data would doubtless be taken from a computerized database, it should be produced by Defendants in a computerized data file to facilitate the notice process.

## F.    A MOTION FOR COURT FACILITATED NOTICE IS NOT AN OPPORTUNITY FOR ADJUDICATRION ON THE MERITS

It is abundantly clear that the notice motion is not a ruling on the merits of the Plaintiffs' claims. *Grayson v. Kmart,* 79 F.3d at 1099 n.17: *Garner,* 802 F. Supp. at 423 n.3. *See also, Eisen*

*v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974) (plaintiffs need not demonstrate they will prevail on the merits to obtain class certification under the more demanding requirements of Fed.R.Civ.P.23). Similarly, many of the Plaintiffs' claims will turn on questions of fact that can only be developed after merit based discovery.

For example, in the present case in addition to working in excess of forty (40) hours a week and not being paid time and a half, an issue will be whether Defendant's team member employees also worked in excess of forty hours a week by virtue of working through lunch hours and breaks and whether doing so was primarily for the benefit of the employer or employee. Likewise, the inquiry concerning whether a particular activity is "primarily" for the benefit of the employer or employee is always a fact question. *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1999). Accordingly, the motion to facilitate class notice should not be used as a dispositive mechanism to pre-judge Plaintiffs' claims prior to merit based discovery.

### III.    CONCLUSION

For the foregoing reasons, the Court should grant this motion to: (1) authorize this matter to proceed as a collective action: (2) authorize mailing of notice to all employees employed by Defendant, as described in Plaintiff's Motion, during the three (3) years prior to the filing of the Complaint: and (3) require Defendant to produce a computer-readable date file containing the name, address, Social Security number and telephone number of all such potential opt-in Plaintiffs so that notice may be implemented.

Respectfully submitted,

By:    /s/ Larry A. Golston Jr._____
Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,

12

METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  (334) 269-2343
Facsimile:  (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By:    /s/ Larry A. Golston Jr._____
       Larry A. Golston, Jr.

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
(713) 651-5151 (telephone)
(713) 651-5246 (facsimile)
*Admitted pro hac vice*

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE**
 **& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8303 (telephone)
(205) 488-6303 (facsimile)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JAVARIS VANDIVER, LARRY KING,** | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. :** |
| | ) | **2:07-cv-00425-MHT** |
| **MERIDIAN I.Q. SERVICES, INC.** | ) | |
| **(d.b.a MERIDIAN I.Q.),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Javaris Vandiver, who is known to me and who being by me first duly sworn, on oath, deposes and says as follows:

My name is Javaris Vandiver. I am over the age of majority, I am of sound mind, and I am competent to testify. I make this affidavit based on personal knowledge. I was employed by Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., [hereinafter Meridian I.Q.] from February 2006 – October 2006. The position I held with Meridian I.Q. was similar, if not identical, to the positions held by one or more of the Plaintiffs. For example, I along with others similarly situated worked as a team member for Meridian I.Q. The position I held was dock worker and my job consisted of loading and unloading goods at Meridian I.Q's Montgomery, Alabama warehouse.

During my employment with Meridian I.Q., I, and others similarly situated, would routinely work overtime (i.e. more than forty {40} hours a week) loading and unloading goods and would not be compensated with respect to these overtime hours at time and a half.



EXHIBIT

1

Because of the foregoing, I was not properly paid overtime for the amount of time that I worked in excess of forty (40) hours a week. I swear and/or affirm that the foregoing is true and correct.

FURTHER AFFIANT SAITH NOT.

Javaris Vandiver

SWORN to and SUBSCRIBED before me on this the _10_ day of _15_ 2007.

NOTARY PUBLIC
My commission expires: 7.24.10

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JAVARIS VANDIVER, LARRY KING,** | ) | |
| **on behalf of themselves and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. :** |
| | ) | **2:07-cv-00425-MHT** |
| **MERIDIAN I.Q. SERVICES, INC.** | ) | |
| **(d.b.a MERIDIAN I.Q.),** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AFFIDAVIT**

Before me, the undersigned, a Notary Public in and for the State of Alabama at

Large, personally appeared Larry King, who is known to me and who being by me first

duly sworn, on oath, deposes and says as follows:

My name is Larry King. I am over the age of majority, I am of sound mind, and I am

competent to testify. I make this affidavit based on personal knowledge. I was employed by

Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., [hereinafter Meridian I.Q.] from November

2005 – July 2006. The position I held with Meridian I.Q. was similar, if not identical, to the

positions held by one or more of the Plaintiffs. For example, I along with others similarly

situated worked as a team member for Meridian I.Q. The position I held was dock worker

and my job consisted of loading and unloading goods at Meridian I.Q's Montgomery,

Alabama warehouse.

During my employment with Meridian I.Q., I, and others similarly situated, would

routinely work overtime (i.e. more than forty {40} hours a week) loading and unloading

goods and would not be compensated with respect to these overtime hours at time and a half.



EXHIBIT
2

Because of the foregoing, I was not properly paid overtime for the amount of time that I

worked in excess of forty (40) hours a week.  I swear and/or affirm that the foregoing is

true and correct.


FURTHER AFFIANT SAITH NOT.

_____
Larry King

SWORN to and SUBSCRIBED before me on this the ___11^th___ day of __October__ 2007.


_____
NOTARY PUBLIC
My commission expires: __7/04/10__

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

JAVARIS VANDIVER, LARRY KING, )
on behalf of themselves and all others )
similarly situated, )
                     )
      Plaintiffs, )
                     )
vs.                  )      **CIVIL ACTION NO. :**
                     )      **2:07-cv-00425-MHT**
MERIDIAN I.Q. SERVICES, INC. )
(d.b.a MERIDIAN I.Q.), )
                     )
      Defendant. )

## AFFIDAVIT

Before me, the undersigned, a Notary Public in and for the State of Alabama at

Large, personally appeared Preston Traylor, who is known to me and who being by me

first duly sworn, on oath, deposes and says as follows:

My name is Preston Traylor. I am over the age of majority, I am of sound mind, and

I am competent to testify. I make this affidavit based on personal knowledge. I was

employed by Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., [hereinafter Meridian I.Q.]

from 2001-2007. The position I held with Meridian I.Q. was similar, if not identical, to the

positions held by one or more of the Plaintiffs. For example, I along with others similarly

situated worked as a team member for Meridian I.Q. The position I held was dock worker

and my job consisted of loading and unloading goods at Meridian I.Q's Montgomery,

Alabama warehouse.

During my employment with Meridian I.Q., I, and others similarly situated, would

routinely work overtime (i.e. more than forty {40} hours a week) loading and unloading

goods and would not be compensated with respect to these overtime hours at time and a half.



EXHIBIT
3

Because of the foregoing, I was not properly paid overtime for the amount of time that I worked in excess of forty (40) hours a week. I swear and/or affirm that the foregoing is true and correct.

FURTHER AFFIANT SAITH NOT.

SWORN to and SUBSCRIBED before me on this the 10th day of October 2007.

NOTARY PUBLIC my commission expires 5/24/10

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAVARIS VANDIVER, LARRY KING,  )
on behalf of themselves and all others  )
similarly situated,  )
  )
    Plaintiffs,  )
  )
vs.  )    **CIVIL ACTION NO. :**
  )    **2:07-cv-00425-MHT**
MERIDIAN I.Q. SERVICES, INC.  )
(d.b.a MERIDIAN I.Q.),  )
  )
    Defendant.  )

## AFFIDAVIT

Before me, the undersigned, a Notary Public in and for the State of Alabama at

Large, personally appeared Kelvin Jones, who is known to me and who being by me first

duly sworn, on oath, deposes and says as follows:

My name is Kelvin Jones. I am over the age of majority, I am of sound mind, and I

am competent to testify. I make this affidavit based on personal knowledge.   I was employed

by Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., [hereinafter Meridian I.Q.] from <u>May</u>

<u>2006-August 2006</u>.  The position I held with Meridian I.Q. was similar, if not identical, to the

positions held by one or more of the Plaintiffs.  For example, I along with others similarly

situated worked as a team member for Meridian I.Q. The position I held was dock worker

and my job consisted of loading and unloading goods at Meridian I.Q's Montgomery,

Alabama warehouse.

During my employment with Meridian I.Q., I, and others similarly situated, would

routinely work overtime (i.e. more than forty {40} hours a week) loading and unloading

goods and would not be compensated with respect to these overtime hours at time and a half.



EXHIBIT
4

Because of the foregoing, I was not properly paid overtime for the amount of time that I worked in excess of forty (40) hours a week. I swear and/or affirm that the foregoing is true and correct.

FURTHER AFFIANT SAITH NOT.

*Kelvin B. Jones*

SWORN to and SUBSCRIBED before me on this the _10th_ day of _October_ 2007.



_Tabitha J. McGuiO_
NOTARY PUBLIC my commission expires 7/24/10

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAVARIS VANDIVER, LARRY KING,   )
on behalf of themselves and all others   )
similarly situated,   )
   )
      Plaintiffs,   )
   )
                      )      CIVIL ACTION NO. :
vs.   )      2:07-cv-00425-MHT
   )
MERIDIAN I.Q. SERVICES, INC.   )
(d.b.a MERIDIAN I.Q.),   )
   )
      Defendant.   )

**AFFIDAVIT**

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Deshawn Bailey, who is known to me and who being by me first duly sworn, on oath, deposes and says as follows:

My name is Deshawn Bailey. I am over the age of majority, I am of sound mind, and I am competent to testify. I make this affidavit based on personal knowledge. I was employed by Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., [hereinafter Meridian I.Q.] from 2004-2007. The position I held with Meridian I.Q. was similar, if not identical, to the positions held by one or more of the Plaintiffs. For example, I along with others similarly situated worked as a team member for Meridian I.Q. The position I held was dock worker and my job consisted of loading and unloading goods at Meridian I.Q's Montgomery, Alabama warehouse.

During my employment with Meridian I.Q., I, and others similarly situated, would routinely work overtime (i.e. more than forty [40] hours a week) loading and unloading goods and would not be compensated with respect to these overtime hours at time and a half.

EXHIBIT
5

Because of the foregoing, I was not properly paid overtime for the amount of time that I worked in excess of forty (40) hours a week. I swear and/or affirm that the foregoing is true and correct.

FURTHER AFFIANT SAITH NOT.

SWORN to and SUBSCRIBED before me on this the 11th day of October 2007.

NOTARY COMMISSION Expires Dec. 29, 2008

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.),<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. : 2:07-cv-00425-MHT |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Deshawn Bailey pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_____
Name

_10|10|07_____
Date

EXHIBIT
6

By:    /s/ Larry A. Golston Jr._____

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By:    /s/ Larry A. Golston Jr._____
       Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE**
**& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JAVARIS VANDIVER, LARRY KING,** on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>**MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.),**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. :**<br>**2:07-cv-00425-MHT** |

---

## *CONSENT TO BECOME PARTY PLAINTIFF*

---

Comes now Preston Traylor pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_____
Name

_____
Date
10-10-2007

EXHIBIT
7

By:    /s/ Larry A. Golston Jr.\_\_\_\_\_

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By:    /s/ Larry A. Golston Jr._____
        Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE**
**& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAVARIS VANDIVER, LARRY KING, )
on behalf of themselves and all others )
similarly situated, )
                   )
      Plaintiffs, )
                   )
vs.                    )   CIVIL ACTION NO. :
                   )   2:07-cv-00425-MHT
                   )
MERIDIAN I.Q. SERVICES, INC. )
(d.b.a MERIDIAN I.Q.), )
                   )
      Defendant. )

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Kelvin Jones pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_____
Name

_____
Date  10/10/07

EXHIBIT
8

By:    /s/ Larry A. Golston Jr._____

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  (334) 269-2343
Facsimile:  (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By:    /s/ Larry A. Golston Jr._____
         Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE**
 **& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095