# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MERIDIAN I.Q. SERVICES, INC. ) <br> (d.b.a MERIDIAN I.Q.), ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 2:07-cv-00425-MHT |

## PLAINTIFFS' AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PARTIES

COME NOW the Plaintiffs, by and through their undersigned counsel, and request this Honorable Court to allow them to amend the Complaint to add additional parties and legal theories. As grounds for this Motion, the Plaintiffs state the following:

1. Since the filing of the original Complaint Deshawn Bailey, Preston Traylor, and Kelvin Jones have expressed interest about becoming a party Plaintiff.

2. Deshawn Bailey, Preston Traylor, and Kelvin Jones have executed consent notices, filed contemporaneously with this request.[1]

3. Additionally, pleadings and limited discovery filed and/or conducted following the filing of the original complaint has indicated the need for additional legal claims that arose out of the same conduct, transaction, and/or occurrences set forth in the original complaint as well as the need to add an additional Defendant. Specifically, in its answer the Defendant has categorically denied the failure to properly pay overtime to the Plaintiffs and others similarly situated. However, Plaintiffs have evidence that supports

---

[1] See Exhibits 1-3, Consents to Become A Party Plaintiff.

1

their claims that overtime was not properly paid. Consequently, Plaintiffs seek to add common law claims concerning their failure to receive overtime pay in addition to their FLSA claims. Also, discovery has revealed that the Defendant has undergone a name change (Meridian I.Q. is now known as YRC Logistics). Thus, Plaintiffs seek to add YRC Logistics to this lawsuit.[2]

    4.    No party will be prejudiced by the amendments proposed above.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that this Court allow them to amend this complaint to add Deshawn Bailey, Preston Traylor, and Kelvin Jones as additional party plaintiffs, to add common law claims arising from the same conduct, transaction, and/or occurrences set forth in the original complaint and to add YRC Logistics as a defendant in this case.

Respectfully submitted,

By: /s/ Larry A. Golston Jr.
Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

---

[2] See Exhibit 4, "Proposed Amended Complaint."

2

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

                                              By:   /s/ Larry A. Golston Jr._____
                                                              Larry A. Golston, Jr.

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
(713) 651-5151 (telephone)
(713) 651-5246 (facsimile)

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
 & WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8303 (telephone)
(205) 488-6303 (facsimile)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.), <br><br> Defendant. | CIVIL ACTION NO. : <br> 2:07-cv-00425-MHT |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Deshawn Bailey pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_DeShawn Bailey_
Name

_10/10/07_
Date

EXHIBIT 1

        By:    /s/ Larry A. Golston Jr.

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

        By:    /s/ Larry A. Golston Jr.
                   Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.), <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. : ) 2:07-cv-00425-MHT ) ) ) ) ) ) |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Preston Traylor pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_Preston Traylor Jr_
Name

_10-10-2007_
Date

**EXHIBIT 2**

        By:    /s/ Larry A. Golston Jr.

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

        By:    /s/ Larry A. Golston Jr.
                  Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDIAN I.Q. SERVICES, INC. (d.b.a MERIDIAN I.Q.),<br><br>Defendant. | CIVIL ACTION NO.:<br>2:07-cv-00425-MHT |

## CONSENT TO BECOME PARTY PLAINTIFF

Comes now Kelvin Jones pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-lawsuit.

I hereby specifically authorize the named Plaintiff(s), along with counsel of record for the names Plaintiff(s), as my agent to prosecute this lawsuit on my behalf, to make any and all decisions with respect to the conduct of this litigation, and to negotiate and/or settle any and all compensation claim(s) I have against Meridian I.Q. Services, Inc. d/b/a Meridian I.Q., Defendant in this lawsuit.

_Kelvin B. Jones_
Name

_10/10/07_
Date



EXHIBIT 3

        By:    /s/ Larry A. Golston Jr.\_\_\_\_\_

Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

        By:    /s/ Larry A. Golston Jr._____
                  Larry A. Golston, Jr.

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, DESHAWN BAILEY, PRESTON TRAYLOR, and KELVIN JONES on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MERIDIAN I.Q. SERVICES, INC. (d/b/a MERIDIAN I.Q.), YRC LOGISTICS SERVICES, INC., (d/b/a YRC LOGISTICS)<br><br>Defendants. | CIVIL ACTION NO.<br>2:07-cv-00425-MHT<br><br>JURY DEMAND |

## AMENDED COMPLAINT

COME NOW the Plaintiffs, Javaris Vandiver, Larry King, Deshawn Bailey, Preston Traylor, and Kelvin Jones on behalf of themselves and all others similarly situated, and files this lawsuit against Defendant Meridian I.Q. Services, Inc.(d.b.a. Meridian I.Q.) pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Defendant Meridian I.Q. Services, Inc. (d/b/a Meridian I.Q.) is an Illinois corporation conducting business by agent in the state of Alabama.

2. Defendant YRC Logistics Inc. (d/b/a YRC Logistics), previously named Meridian I.Q. Services, Inc., is an Illinois corporation conducting business by agent in the state of Alabama.

3. Plaintiffs Javaris Vandiver, Larry King, Deshawn Bailey, Preston Traylor and Kelvin Jones are all over the age of nineteen (19) and currently reside in

1


EXHIBIT 4

Montgomery County, Alabama.

4. At all times material to this action, the Plaintiffs were employed by Defendants at their 2000 Interstate Park Dr. Suite 204, Montgomery, Alabama location.

## COUNT I
## (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

5. This action is brought pursuant to the FLSA, 29 U.S.C §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiffs of lawful wages.

6. This action is brought to recover unpaid compensation, in all forms including but not limited to overtime wages, hourly wages, pay incentives, commissions, bonuses, vacation and sick time, owed to Plaintiffs pursuant to FLSA. For at least three years prior to filing this complaint, Defendant has had uniform policy and practice of consistently requiring its employees to work in excess of forty (40) hours per week without paying them overtime compensation. Plaintiffs were paid a specified weekly salary. Plaintiffs were not paid for all overtime incurred despite the fact that they customarily worked in excess o forty (40) hours per week. The Plaintiffs, and all others similarly situated, seek all overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Middle District of Alabama, Northern Division, under 28 U.S.C §1391(b).

8. Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

9. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

10. At all times relevant to this action, Defendants were an "employer" of Plaintiffs as defined by §203(d) of the FLSA.

11. At all times material to this action, Plaintiffs were "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

12. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants, Plaintiffs, and all others similarly situated, that were covered by §§206 and 207 of the FLSA while they were employed by Defendants.

13. At all times relevant to this action, Defendants employed Plaintiffs, and all others similarly situated.

14. The services performed by Plaintiffs, and all others similarly situated, were a necessary and integral part of and directly essential to Defendants' business.

15. The Plaintiffs, and all others similarly situated, were required to perform duties without compensation, commission and/or bonuses.

16. Defendants have intentionally failed and/or refused to pay the Plaintiffs, and all others similarly situated, according to the provisions of the FLSA.

17. The systems, practices and duties of the Plaintiffs, and all others similarly situated have existed for at least three years throughout the Defendants' business.

18. For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide employees with pay incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendants have failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

19. Defendants have intentionally and repeatedly misrepresented the true status of compensation to its employees as well as their entitlement to incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiffs and all others similarly situated, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

20. As a result of the actions of Defendants in fraudulently concealing the true status of its employees when performing their duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statue of limitations as a bar.

4

21. Defendants have further engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA. Further, Defendants have sought to have employees similarly situated to Plaintiffs unknowingly waive their rights to recovery under the FLSA by signing a document entitled "Separation Agreement and Release".

22. As a result of Defendants' violations of the FLSA, the Plaintiffs and all others similarly situated have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

23. In addition to the amount of unpaid wages and benefits owing to the Plaintiffs and all others similarly situated, they are also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

24. Defendants' actions in failing to compensate the Plaintiffs and former employees, in violation of the FLSA, was willful.

25. Defendants have not made a good faith effort to comply with the FLSA.

26. The Plaintiffs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

## COUNT II
### (NEGLIGENT AND/OR WANTON HIRING, TRAINING, SUPERVISION AND RETENTION)

27. The Plaintiffs re-allege and incorporates by reference paragraphs 1-26 above with the same force and effect as if set forth here in full.

28. The Defendants negligently, recklessly, wantonly and/or intentionally hired, trained, supervised and/or retained officers, managers and/or supervisors within

its corporation that it knew or should have known would fail to and/or were failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA.

29. The officers, managers and/or supervisors knew, or in the exercise of reasonable care should have known, that Plaintiffs and others similarly situated were not being paid overtime compensation.

30. The Defendants, once they had knowledge of the FLSA violations, failed to discipline and/or terminate the offending employee[s]; retained said offending employee[s] in their managerial and/or supervisory capacity; and encouraged additional discrimination by said employee[s].

31. As a direct and proximate consequence of the Defendant Meridian I.Q. and YRC Logistics' negligent, reckless, wanton and/or intentional behavior, the Plaintiffs have been injured and damaged as follows:

   a.) they were caused to suffer direct and continuing financial losses, including, but not limited to, lost salary and/or lost benefits;

   b.) they have suffered and will continue to suffer embarrassment and humiliation;

   c.) they have suffered and will continue to suffer mental anguish and emotional distress;

   d.) they have been otherwise injured and damaged.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, and may award, plus costs.

**WHEREFORE**, the Plaintiffs pursuant to §216(b) of the FLSA, pray for the following relief:

1. The Plaintiffs, and all others similarly situated, be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. Plaintiffs reasonable attorneys' fees, including the costs and expenses of this action; and

3. Injunctive relief to restrict and/or prohibit Defendant from distributing, disbursing, disseminating, executing and/or entering into the Separation Agreement and Release or any agreement the terms of which mandate in any way a waiver or relinquishment of rights by Defendant's employees (past or present) to unpaid compensation under the FLSA.

4. Such other legal and equitable relief including, but not limited to, any other injunctive and/or declaratory relief, to which the Plaintiffs and/or the class may be entitled.

5. Plaintiffs further demand a struck jury to try the issues raised in this matter.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES OF THIS CASE.**

                     By:    /s/ Larry A. Golston Jr._____
                             Larry A. Golston, Jr.
                             BEASLEY, ALLEN, CROW,
                             METHVIN, PORTIS & MILES, P.C
                             272 Commerce Street
                             Montgomery, Alabama 36104
                             Telephone: (334) 269-2343
                             Facsimile: (334) 954-7555
                             Email: larry.golston@beasleyallen.com
                             Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By: /s/ Larry A. Golston, Jr.
Larry A. Golston, Jr.

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
(713) 651-5151 (telephone)
(713) 651-5246 (facsimile)

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
& WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8303 (telephone)
(205) 488-6303 (facsimile)