IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, ) on behalf of themselves and all others ) similarly situated, ) ) Plaintiffs, ) ) vs. ) ) MERIDIAN I.Q. SERVICES, INC. ) (d.b.a MERIDIAN I.Q.), ) ) Defendant. ) | CIVIL ACTION NO. 2:07-cv-00425-MHT |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AND ADD PARTIES**

COME NOW the Plaintiffs, by and through their undersigned counsel, and submit the following brief in support of Plaintiffs' Motion to Amend Complaint and Add Parties. In support of said Motion, the Plaintiffs state the following:

1. Pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, after a responsive pleading has been filed, a party may amend his answer by leave of court and leave to amend "*shall be freely given when justice so requires*." Fed.R.Civ.P. 15(a). "A district court's discretion is 'severely restricted' by Fed.R.Civ.P. 15(a) …Unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

A district court need not, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. See *Forman v. Davis*, 371 U.S.

178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Absent the foregoing, however, this Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

    2.    In the instant case, none of the grounds for disallowing an amendment to the complaint exist. First, Plaintiffs timely filed their Motion for Leave to Amend the Compliant pursuant to this Court's scheduling order thus there has been no undue delay. Additionally, no bad faith, dilatory motives, or repeated failures to cure deficiencies exist with regard to Plaintiffs leave to amend the complaint. Rather, as indicated in Plaintiffs' motion, a review of pleadings and limited discovery conducted following the filing of the original complaint indicated the need for additional legal claims. The additional claims and parties proposed by Plaintiffs' amended complaint arose out of (or were involved in) the same conduct, transaction, and/or occurrences set forth in the original complaint.

    3.    Second, allowing Plaintiffs to amend the complaint would certainly cause no undue prejudice to the Defendants. To date, only written discovery has been conducted. Thus, there is more than ample time for the parties to conduct substantive discovery prior to the trial date set in this matter so that all parties are able to develop their respective claims or defenses.

    4.    Lastly, the amendments proposed by Plaintiffs are clearly not futile. The claims of the Plaintiffs and proposed plaintiffs clearly state cognizable legal claims (under federal and common law) against the Defendants. While arguments opposing the merits of the claims raised by the Plaintiffs and proposed claims may be raised, such arguments have no bearing on the issue at hand, which, merely concerns whether

Plaintiffs and proposed plaintiffs should be allowed to present their claims. Consequently, because the proposed amended complaint states valid legal claims against Defendants believed to be liable to Plaintiffs for damages, no contention can be made that Plaintiffs' proposed amendments are futile.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that this Court allow them to amend the complaint to add Deshawn Bailey, Preston Traylor, and Kelvin Jones as additional party plaintiffs, to add common law claims arising from the same conduct, transaction, and/or occurrences set forth in the original complaint and to add YRC Logistics as a defendant in this case.

Respectfully submitted,

By: /s/ Larry A. Golston Jr.
Larry A. Golston, Jr.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C
272 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Email: larry.golston@beasleyallen.com
Larry A. Golston Jr., Esq.

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 FAX

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties receiving electronic means.

By: /s/ Larry A. Golston Jr.
Larry A. Golston, Jr.

Shauna Johnson Clark
Cathryn L. Blaine
Carolanda Bremond
Kelley Edwards
**FULBRIGHT & JAWORSKI, LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
(713) 651-5151 (telephone)
(713) 651-5246 (facsimile)

Charles A. Stewart, III
T. Matthew Miller
**BRADLEY, ARANT, ROSE
 & WHITE, LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8303 (telephone)
(205) 488-6303 (facsimile)