IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAVARIS VANDIVER, LARRY KING, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MERIDIAN I.Q. SERVICES INC. (d/b/a MERIDIAN IQ), YRC LOGISTICS SERVICES INC. (d/b/a YRC LOGISTICS), <br><br> Defendant. | § § § § § § § § § § § § § § § <br><br> Civil Action No. 2:07 CV 425-MHT |

**DEFENDANTS MERIDIAN IQ SERVICES INC. AND YRC LOGISTICS SERVICES INC.'S AFFIRMATIVE AND OTHER DEFENSES AND ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Meridian IQ Services Inc. ("Meridian IQ") and YRC Logistics Services Inc. ("YRC Logistics") (collectively, "Defendants") respectfully file this their Affirmative and Other Defenses and Answer to Plaintiffs' Amended Complaint and respectfully show the Court the following:

**AFFIRMATIVE AND OTHER DEFENSES**

Meridian IQ and YRC Logistics plead the following affirmative and other defenses, but do not assume the burden of proof except to the extent required on pure affirmative defenses:

1. Plaintiffs are not entitled to overtime pay pursuant to the provisions of 29 U.S.C. § 213, including § 213(b)(1);

2. Based upon information and belief, Plaintiffs are not entitled to overtime pay pursuant to 29 U.S.C. § 203;

3. Plaintiffs' Amended Complaint is barred in whole or in part by the statute of limitations;

4. To the extent Plaintiffs are seeking to toll the statute of limitations, Plaintiffs are not entitled to such tolling outside of 29 U.S.C. §§ 255 and 256;

5. Meridian IQ and/or YRC Logistics' conduct was undertaken in good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor and no liability therefore exists pursuant to 29 U.S.C. § 259;

6. Alternatively, Meridian IQ and/or YRC Logistics' conduct was in good faith and based upon reasonable grounds so that no award of liquidated damages should be imposed as provided in 29 U.S.C. § 260;

7. Plaintiffs cannot establish that Meridian IQ and/or YRC Logistics engaged in willful conduct within the meaning of the FLSA;

8. Plaintiffs are estopped from claiming additional compensation by their continued acceptance of wages, their submission of time records and other documents, and/or other acts or omissions;

9. Plaintiffs' state law claims are barred by the exclusivity provisions of the Alabama workers' compensation statute;

10. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. § 216;

11. To the extent sought, Plaintiffs are not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260;

12. Any damages sought by Plaintiffs are barred, reduced or set off by, *inter alia*, Plaintiffs' compensated time-off, failure to work full hours, and by any debts owed the employer;

13. Assuming, *arguendo*, Plaintiffs could recover damages in this action, Plaintiffs cannot recover for non-compensable or *de minimus* matters and Plaintiffs' claims would be subject to set-offs and deductions;

14. Neither injunctive relief nor declaratory relief is available to private causes of action brought pursuant to the FLSA;

15. Meridian IQ and YRC Logistics assert that all state law claims that arise out of, relate to, or are dependent on conduct that is the basis of Plaintiffs' claims for overtime are preempted by the FLSA;

16. To the extent the defenses of res judicata, collateral estoppel, claim or issue preclusion, judicial estoppel and/or lack of standing become applicable in this matter, Meridian IQ and YRC Logistics assert these defenses in this case; and

17. To the extent the defenses of ratification, waiver, estoppel, full payment and accord and satisfaction become applicable in this matter, Meridian IQ and YRC Logistics assert these defenses in this case.

18. Defendants assert that this case is not appropriate for collective treatment or notice.

## ORIGINAL ANSWER

Subject to the above and foregoing affirmative and other defenses, Meridian IQ and YRC Logistics plead as follows to the specific allegations of Plaintiffs' Amended Complaint:

1. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Meridian IQ and YRC Logistics lack sufficient information to admit or deny the allegations in Paragraph 3 of Plaintiffs' Amended Complaint, and thus deny same.

4. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5. Meridian IQ and YRC Logistics admit that this action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 216(b), but deny the remaining allegations in Paragraph 5 of Plaintiffs' Amended Complaint. Specifically, Meridian IQ and YRC Logistics deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery, and/or that this action is appropriate for collective treatment or notice.

6. Meridian IQ and YRC Logistics admit that this action is brought to recover alleged unpaid compensation, but deny the remaining allegations in Paragraph 6 of Plaintiffs' Amended Complaint. Specifically, Meridian IQ and YRC Logistics deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

7. Meridian IQ and YRC Logistics admit the jurisdictional and venue allegations in Paragraph 7 of Plaintiffs' Amended Complaint, but deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

8. Meridian IQ and YRC Logistics admit the personal jurisdiction allegations in Paragraph 8 of Plaintiffs' Amended Complaint, but deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.

9. Meridian IQ and YRC Logistics admit the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 10 of Plaintiffs' Amended Complaint.

11. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 11 of Plaintiffs' Amended Complaint.

12. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 12 of Plaintiffs' Amended Complaint.

13. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 13 of Plaintiffs' Amended Complaint.

14. As drafted, Meridian IQ and YRC Logistics deny the allegations in Paragraph 14 of Plaintiffs' Amended Complaint.

15. Meridian IQ and YRC Logistics deny the allegations in Paragraph 15 of Plaintiffs' Amended Complaint.

16. Meridian IQ and YRC Logistics deny the allegations in Paragraph 16 of Plaintiffs' Amended Complaint.

17. As drafted, Meridian IQ and YRC Logistics lack sufficient information to admit or deny the allegations in Paragraph 17 of Plaintiffs' Amended Complaint, and thus deny same.

18. Meridian IQ and YRC Logistics admit that they are aware of the requirements of the FLSA and its corresponding regulations, but deny the remaining allegations in Paragraph 18 of Plaintiffs' Amended Complaint. Specifically, Meridian IQ and

>YRC Logistics deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery.
>
>19. Meridian IQ and YRC Logistics deny the allegations in Paragraph 19 of Plaintiffs' Amended Complaint.
>
>20. Meridian IQ and YRC Logistics deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint.
>
>21. Meridian IQ and YRC Logistics deny the allegations in Paragraph 21 of Plaintiffs' Amended Complaint.
>
>22. Meridian IQ and YRC Logistics deny the allegations in Paragraph 22 of Plaintiffs' Amended Complaint.
>
>23. Meridian IQ and YRC Logistics deny the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.
>
>24. Meridian IQ and YRC Logistics deny the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.
>
>25. Meridian IQ and YRC Logistics deny the allegations in Paragraph 25 of Plaintiffs' Amended Complaint.
>
>26. Meridian IQ and YRC Logistics deny the allegations in Paragraph 26 of Plaintiffs' Amended Complaint.
>
>27. Meridian IQ and YRC Logistics state that the allegations in paragraph 27 are a statement to which no response is necessary, but, notwithstanding, Meridian IQ and YRC Logistics deny any wrongdoing or liability based on Plaintiffs' allegations in Paragraphs 1-26 preceding.

28. Meridian IQ and YRC Logistics deny the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.

29. Meridian IQ and YRC Logistics deny the allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

30. Meridian IQ and YRC Logistics deny the allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31. Meridian IQ and YRC Logistics deny the allegations in Paragraph 31 and 31(a)-(d) of Plaintiffs' Amended Complaint.

32. Meridian IQ and YRC Logistics state that the allegations in Paragraphs 1-4 following Paragraph 31 are a prayer for relief to which no response is required. To the extent applicable, Meridian IQ and YRC Logistics deny the allegations in Paragraphs 1-4 following Paragraph 31 and deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery, relief or damages.

33. Meridian IQ and YRC Logistics admit that Plaintiffs have requested a struck jury to try the issues raised in this matter as alleged in Paragraph 5 following Paragraph 31 of Plaintiffs' Amended Complaint, but deny that they engaged in any unlawful conduct and/or that Plaintiffs are entitled to any recovery. Defendants further deny that Plaintiffs are entitled to a jury finding on all issues raised in this matter.

WHERE, PREMISES CONSIDERED, Defendants Meridian IQ Services Inc. and YRC Logistics Services Inc. pray Plaintiffs take nothing by their suit and that Defendants Meridian IQ Services Inc. and YRC Logistics Services Inc. recover their costs of suit and reasonable

attorney's fees, as authorized by statute, and have such other relief to which they may show themselves entitled.

        Respectfully submitted,

        MERIDIAN IQ SERVICES INC. AND YRC LOGISTICS SERVICES INC.


        /s/ T. Matthew Miller
        Charles A. Stewart, III
        T. Matthew Miller
        BRADLEY ARANT ROSE & WHITE LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        (205) 521-8303 (telephone)
        ((205) 488-6303 (facsimile)

        *Local Counsel for Defendants*
        *Meridian IQ Services Inc. and YRC Logistics Services Inc.*

        Shauna Johnson Clark*
        Cathryn L. Blaine*
        Carolanda Bremond*
        Kelley Edwards*
            * *Admitted pro hac vice*
        FULBRIGHT & JAWORSKI L.L.P.
        Fulbright Tower
        1301 McKinney, Suite 5100
        Houston, TX  77010-3095
        Telephone:  (713) 651-5151
        Facsimile:  (713) 651-5246

        *Counsel for Defendants*
        *Meridian IQ Services Inc. and YRC Logistics Services Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jere L. Beasley
Beasley Allen Crow Methvin Portis & Miles, PC
 272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Wilson Daniel Miles, III
Beasley Allen Crow Methvin Portis & Miles, PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Larry A. Golston
Beasley Allen Crow Methvin Portis & Miles, PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160


and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:
None.

/s/ T. Matthew Miller